## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

PATRICK C. LYNN,

      **Plaintiff,**

      v.                           **CASE NO. 20-3116-EFM**

DEBRA LANDRY,

      **Defendant.**

## O R D E R

Plaintiff, Patrick C. Lynn, is a state prisoner housed at Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"). Plaintiff brings this pro se civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has filed a motion for leave to proceed in forma pauperis (ECF No. 2).

Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[1] Accordingly, he may proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury. *Id*. The Court has examined the complaint (ECF No. 1), Plaintiff's motion to proceed in forma pauperis (ECF No. 2), and Plaintiff's affidavit in support of his motion (ECF No. 3) and finds no showing of imminent danger of serious physical injury.

As documented by the Court in Plaintiff's previous cases, Plaintiff is a highly litigious Kansas inmate. *See Lynn v. Patty*, No. 16-3254-JTM, ECF No. 12 (Feb. 28, 2017); *Lynn v. Kansas*,

---

[1] *See, e.g., Lynn v. McClain,* 12 F. App'x 676, 679 (10th Cir. 2001) (noting that Lynn's "past civil filings have subjected him to the 'three strike' provisions"); *Lynn v. McClain,* 162 F.3d 1173 (10th Cir. 1998) (finding that Lynn "now has a total of six strikes against him").

No. 16-3089-JTM, ECF No. 18 (Aug. 5, 2016).  In the instant case, Plaintiff brings three counts. The first count alleges that since December 27, 2019, he has been denied approval to keep certain medication on his person.  The second and third counts claim Plaintiff has been subjected to "perjurious" disciplinary reports and was denied his Eighth and Fourteenth Amendment rights at five disciplinary hearings.  Plaintiff attaches 30 pages of exhibits to the complaint that largely do not relate to these allegations.

In the affidavit Plaintiff filed in support of his motion, he clarifies that the medication at issue is "heart meds."  He further complains about the procedure he must follow to receive his medication, "where unknown meds are dumped into a cup of water that I am required to take in front of the med-tech."  ECF No. 3, at 1.  Plaintiff states he will never submit to that procedure because he believes he would be poisoned.  *Id*. at 1, 2.  Plaintiff asserts he has "an atrociously bad heart condition" and without his "KOP heart meds [he] is at very high risk of a fatal heart attack or stroke."  *Id.* at 2.

Plaintiff fails to show that he is in imminent danger of serious physical injury as a result of the conduct or conditions of which he complains.  Courts have held "that there must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in his complaint."  *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009); *see also Lomax v. Ortiz-Marquez*, 754 F. App'x 756, 759 (10th Cir. 2018) (unpublished) (adopting Second Circuit's position that inmate seeking imminent danger exception must show a nexus between imminent danger and legal claims asserted in complaint) (citing *Pettus*, 554 F.3d at 297). Here, Plaintiff does not make any allegation that he has been denied prescribed medication when he was in need.  He merely argues that he should be allowed to keep his heart medication on his

person at all times, as he alleges has been ordered by a physician, and complains about the medication distribution procedure.

Plaintiff's allegations fail to contain specific, credible allegations of imminent danger of serious physical harm.  "To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'"  *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. May 23, 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)).  "Vague and utterly conclusory assertions are insufficient."  *Id.*

Accordingly, pursuant to § 1915(g) Plaintiff may not proceed in forma pauperis in this civil action.  Plaintiff is given time to pay the full $400.00 district court filing fee[2] to the Court.  If he fails to pay the full fee within the prescribed time, the complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **May 14, 2020,** to submit the $400.00 filing fee.  The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

---

[2] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $50.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.

**IT IS SO ORDERED**.

**Dated on this 23rd day of April, 2020, in Kansas City, Kansas.**

**ERIC F. MELGREN**
**U. S. District Judge**