IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PATRICK C. LYNN,

      Plaintiff,

      v.                    CASE NO. 20-3116-EFM

DEBRA LUNDRY,

      Defendant.

## MEMORANDUM AND ORDER

This matter is before the Court on three motions filed by Plaintiff Patrick C. Lynn. The Court denies Plaintiff's motions. Further, the Court imposes future filing restrictions on Lynn, as set forth in this Order, based on his history of vexatious and frivolous filings in this case and others.

### I.      Motion for Reconsideration (Doc. 7)

On April 23, 2020, the Court entered a Memorandum and Order (Doc. 4) finding that Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g), finding that Plaintiff failed to show he is in imminent danger of serious physical injury, denying Plaintiff's motion to proceed in forma pauperis, and granting Plaintiff until May 14, 2020 to pay the $400.00 filing fee. Plaintiff then filed a motion (Doc. 5) requesting an extension of time to pay the filing fee, which the Court granted (Doc. 6). Now, Plaintiff files a motion (Doc. 7) for reconsideration of the Order denying him leave to proceed in forma pauperis.

Plaintiff argues he should be granted in forma pauperis status because he is in daily need of and at extremely high risk of serious injury without his daily medication. Doc. 7, at 1. However, he did not previously and does not now demonstrate any instance where a defendant refused to

give him his heart medication.  Rather, he continues to argue he should be allowed to keep the medication on his person.

Local Rule 7.3 provides that a "motion to reconsider must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice."  D. Kan. Rule 7.3(b).  Plaintiff has failed to present any grounds warranting reconsideration of the Order.  He has not pointed to an intervening change in the law or the availability of new evidence, nor has he set forth the need to correct clear error or to prevent manifest injustice.  Plaintiff's motion for reconsideration merely rehashes his prior arguments.  The motion is denied.

## II.   Motion for Video Teleconference Oral Arguments (Doc. 8)

Included as part of Plaintiff's motion for reconsideration is a request for a "video teleconference hearing" so Plaintiff can elaborate on his medical condition, answer questions, and have witnesses testify regarding his condition.  Doc. 8 at 2.  Because Plaintiff has failed to raise a credible allegation that he is in imminent danger of serious physical harm as a result of being denied permission to keep his medication on his person and because he has failed present any grounds warranting reconsideration of the Order denying him leave to proceed in forma pauperis, this request is also denied.  *See White v. State of Colo.*, 157 F.3d 1226, 1232 (10th Cir. 1998).

## III.   Motion for Change of Judge (Doc. 9)

Plaintiff moves the Court to have the undersigned "disqualified" from this case under 28 U.S.C. § 455(a) and (b)(1).  Lynn does not include any grounds for disqualification in his motion but instead attaches and references the motion for change of judge he filed in another case pending before the undersigned.  *See Lynn v. Cline*, Case No. 19-3003-EFM, Doc. 63.  The Court found

that motion to be without merit and issued a Memorandum and Order denying it.  *See id.*, Doc. 64. For the same reasons stated in that Order, Lynn's motion for change of judge here is denied.

**IV.    Future Filing Restrictions**

It is well-established that "the right of access to the courts is neither absolute nor unconditional."  *In re Winslow*, 17 F.3d 314, 315 (10th Cir. 1994) (quoting *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989)).  "Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances." *Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010).  Restrictions on further filing are appropriate where the litigant's "lengthy and abusive history" is set forth, the Court makes clear the requirements the litigant must meet to obtain permission to file, and the litigant is given notice and an opportunity to oppose the restrictions before they are imposed.  *Id.* (quoting *Tripati*, 878 F.2d at 353-54).  The following factors are relevant to the determination of whether to impose filing restrictions:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*United States v. Kettler*, 934 F.2d 326 (Table) (10th Cir. 1991), 1991 WL 94457, at *6 (citing *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

Ultimately, the Court must determine "whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties."  *Id.* (quoting *Safir*, 792 F.2d at 24).

Patrick Lynn has been incarcerated in Kansas since 1996 and has long been subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). *See Lynn v. McClain,* 162 F.3d 1173 (10th Cir. 1998) (finding that Lynn "now has a total of six strikes against him"). In that time, he has filed 26 lawsuits in this district, 5 in the last year alone. In addition, he has filed 12 habeas or mandamus petitions and motions seeking to intervene in 6 additional cases.

Furthermore, the numbers of cases initiated do not tell the whole story. Lynn "adds yet another dimension to his abuse of the judicial process with his inappropriate motions practices." *Lynn v. Peltzer*, No. 16-3096-JTM-DJW, 2016 WL 4060272, at *4 (D. Kan. July 29, 2016). For example, in a mandamus action filed in 2016, Lynn filed the following motions in the seven months the case was active: (1) motion for leave to proceed in forma pauperis; (2) motion and affidavit of prejudice for disqualification of Judge Sam Crow; (3) supplemental petition for relief and request for evidentiary hearing; (4) motion for emergency oral arguments; (5) motion for referral to chief judge; (6) third motion for referral to chief judge and request for video teleconference hearing with Kansas Attorney General and Kansas U.S. Attorney due to ongoing imminent dangers of serious physical injury or death; (7) motion for referral to chief judge; (8) motion for orders; (9) motion for order to prevent malicious destruction of legal files; (10) motion to reassign case to chief judge; (11) motion for evidentiary hearing; (12) motion for writ of habeas corpus intervention/TRO due to criminal court access denials and irreparable injuries; (13) motion to alter or amend judgment; (14) motion for appointment of counsel; and (15) motion for emergency orders necessary to effectuate appellate review rights. *See Lynn v. State of Kansas*, Case No. 16-3089-JTM. This volume of filings is far from unusual for Lynn.

Moreover, Lynn "often files a morass of claims against numerous defendants in a rambling, lengthy complaint." *Peltzer*, 2016 WL 4060272, at *4. For instance, in *Lynn v. McCurrie*, No.

17-3041-JWB-KGG, Lynn initially named 97 defendants, not including numerous "John Doe" defendants, and then amended his complaint to name a total of approximately 311 defendants.

The Court has previously noted that Lynn's "filings are even more abusive than those of the typical three-striker because he uses lawsuits and grievances in attempts to manipulate, intimidate and harass others." *Peltzer*, 2016 WL 4060272, at *4. "[E]ven a cursory examination of his voluminous filings and exhibits reveals that he has repeatedly threatened prison officials and employees with lawsuits and has filed lawsuits in an attempt to coerce and harass them to meet his demands to provide the changes or attention he deems necessary by those staff persons he deems agreeable." *Id.*

The Tenth Circuit cautioned Lynn 19 years ago that "continuing to engage in a pattern of litigation activity which is manifestly abusive" would result in filing restrictions. *Lynn v. McClain*, 12 F. App'x 676, 679 (10th Cir. 2001). He has been subject to filing restrictions in state court since 1999. *See State ex rel. Stovall v. Lynn*, 975 P.2d 813 (Kan. App. 1999) (affirming filing restrictions imposed on Lynn as a result of abusive and repetitive filings used "as a means to attempt to harass the victim, witnesses, police investigators, judges, and others involved in his case"). This Court previously warned Lynn as well: "The court now puts Mr. Lynn on notice that it will impose filing restrictions similar to or even more stringent than those the state court previously imposed, if he continues to file federal court actions for the apparent purposes of intimidating and harassing state officials and prison staff and continues to submit improper and abusive pleadings and motions." *Peltzer*, 2016 WL 4060272, at *6.

The Court finds that Lynn is likely to continue to abuse the judicial process, and the enumerated factors strongly weigh in favor of imposing filing restrictions. Accordingly, the Court finds it necessary to impose filing restrictions to deter future frivolous motions and to protect the

Court and future defendants from having to expend needless time.  Thus, Lynn will be required to obtain leave of Court to submit future filings in any existing cases currently pending in the U.S. District Court for the District of Kansas, or to initiate a civil action in the U.S. District Court for the District of Kansas without representation of an attorney licensed to practice in the State of Kansas and admitted to practice before this Court.

Because the Court imposes these restrictions sua sponte, Lynn will be allowed an opportunity to file objections to the restrictions.

**IT IS THEREFORE ORDERED** that Lynn's Motion for Reconsideration (Doc. 7) is **denied**.

**IT IS FURTHER ORDERED** that Lynn's Request for Video Teleconference Oral Arguments (Doc. 8) is **denied**.

**IT IS FURTHER ORDERED** that Lynn's Motion for Change of Judge (Doc. 9) is **denied**.

**IT IS FURTHER ORDERED** that before Lynn may submit future filings in existing cases or initiate a civil action in the U.S. District Court for the District of Kansas, he must comply with the following injunction:

1. With the exception of a proper motion for relief from an order under Fed. R. Civ. P. 60, or an objection to this Order, the Clerk shall not accept or file any pro se submissions, filings, pleadings, or other documents by Lynn or on his behalf, regardless of the payment of a filing fee, without the express authorization of a judge of this Court.

2. Except in compliance with this Order, the Clerk shall not accept any pleading from Lynn which purports to initiate a civil action.  If Lynn, proceeding pro se, desires to

file a new lawsuit in the District of Kansas, he shall file a petition with the Clerk requesting leave to file a complaint or other pleading that includes:

    a.  A copy of this Order and any subsequent Order;

    b.  A copy of the proposed complaint or pleading;

    c.  A list of all other lawsuits or other matters currently pending or previously filed with this Court or any other court, involving the same or similar claims or parties, including the case name and number of each case, and the current status or disposition of each;

    d.  A notarized affidavit certifying:

        i.  The claims have not been previously asserted and/or do not involve issues previously litigated and resolved; and

        ii.  That the claims are not frivolous, malicious, or made in bad faith.

3. Lynn shall mail or otherwise deliver his submissions to the Clerk of the Court, who shall forward them to a judge of this Court for determination whether the complaint or pleading is lacking in merit, duplicative, frivolous, or malicious. The Court will either allow the filing or issue an Order denying it. Failure to follow these procedures will result in rejection of any future case Lynn attempts to file in this Court.

Plaintiff may file objections in writing to the Court's Order issuing the above filing restrictions by no later than 14 days after receipt of this Order.  If Plaintiff files no objections by that date, the restrictions will be effective without further order of the Court.

**IT IS SO ORDERED**.

**Dated on this 8th day of May, 2020.**


_Eric F. Melgren_

**ERIC F. MELGREN**
**U. S. District Judge**