**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

PATRICK C. LYNN,

        **Plaintiff,**

        **v.**                            **CASE NO. 20-3116-EFM**

DEBRA LUNDRY,

        **Defendant.**

<u>**MEMORANDUM AND ORDER**</u>

This matter is before the Court on three (3) filings from Plaintiff Patrick C. Lynn.  Two are related to his motion for the undersigned to recuse himself, which was denied by this Court on May 8, 2020.  *See* Memorandum and Order, Doc. 10.  The third asks the Court to order prison officials to give Plaintiff more access to the law library.

I.      **Plaintiff's Request [to] Invoke Discovery Rules to Develop and Substantiate Recusal Affidavit Facts and Oral Arguments (Doc. 13)**

Plaintiff requests the "utilization of discovery rules applied to Judge Melgren (production of documents, interrogatories, request for admissions)" because this discovery "will greatly assist in developing" his Affidavit of Prejudice against the undersigned.  (Doc. 13, at 1.)

Plaintiff cites the U.S. Supreme Court's decision in *Bracy v. Gramley* in support of his request for discovery.  *Bracy v. Gramley*, 520 U.S. 899 (1997).  He asserts "numerous similarities" exist with *Bracy* and that he has made a sufficient showing in his "affidavit" to establish "good cause" for discovery to "further develop and absolutely confirm [his] claims of actual personal bias and prejudice necessary to compel Melgren's recusal."  (Doc. 13, at 1.)

*Bracy* is a death penalty habeas corpus case.  The petitioner asserted a due process claim based on actual bias of the trial court judge.  After the petitioner's conviction, the trial judge was

convicted of taking bribes from defendants as a result of a widespread federal investigation of judicial corruption in Chicago. *Bracy*, 520 U.S. at 901-02. It was proven the judge had close ties to organized crime before he was appointed to the bench and had bribed judges himself as a criminal defense lawyer. *Id*. at 902.

The Supreme Court found that the petitioner was entitled to discovery on his judicial bias claim because he supported his discovery request by pointing not only to the trial judge's conviction for bribe-taking in other cases, but also to additional evidence that lends support to his claim that the judge was actually biased in petitioner's own case. *Id.* at 909. This additional evidence was "specific allegations" that his trial attorney, appointed by the judge and a former associate of the judge's "in a law practice that was familiar and comfortable with corruption", may have agreed to take this capital case to trial quickly so that petitioner's conviction would deflect any suspicion two other contemporaneous rigged cases might attract. *Id.* The Supreme Court recognized the irregularity of the situation, noting that ordinarily there is a presumption that public officials have properly discharged their duties but that presumption was "soundly rebutted" because the judge "was shown to be thoroughly steeped in corruption *through his public trial and conviction*." *Id*. (emphasis added).

Here, Mr. Lynn's first problem is that this is not a habeas action, and a different set of standards apply. As this Court previously explained to Plaintiff, there are two federal statutes that dictate the circumstances under which a federal judge should recuse. Section 144 of Title 28 of the United States Code provides that a judge should recuse if the party seeking recusal submits a "timely and sufficient affidavit" illustrating that the judge has a personal bias or prejudice towards a party. 28 U.S.C. § 144. Similar to § 144, § 455(b)(1) of the same title provides that a judge should recuse if the judge has a personal bias or prejudice towards a party. 28 U.S.C. § 455(b)(1).

However, unlike § 144, § 455(b)(1) does not include the requirement of a timely and sufficient affidavit. 28 U.S.C. § 455(b)(1). Further, § 455(a) states that a judge should recuse himself if the judge's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Accordingly, there are two reasons for granting a motion for recusal: (1) the judge has a personal bias or prejudice towards a party, see 28 U.S.C. § 144, 455(b)(1); or (2) the judge's impartiality might reasonably be questioned, see 28 U.S.C. § 455(a).

Most relevant to the issue at hand, neither statute contemplates or provides for discovery in connection with a motion to recuse. On the contrary, § 144 requires the movant to submit a sufficient affidavit when asking for recusal. To allow a movant to file a motion for recusal and then conduct discovery to find support for that motion contradicts the specific provisions of the statute. A party "may not use discovery as a fishing expedition" to search for evidence to bolster a claim based on mere speculation. *Anthony v. United States*, 667 F.2d 870, 880 (10th Cir. 1981).

Even if *Bracy* could be analogized to a recusal motion, Plaintiff's allegations of bias involve nothing more than conjecture, insinuation, and guilt by association. The contrast with *Bracy*, where the judge had been convicted of taking bribes from defendants, is stark. Plaintiff's request for discovery is denied.

At the end of his motion, Mr. Lynn also requests the appointment of an attorney to assist with his recusal efforts. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment

of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).  The Court concludes that Plaintiff's recusal efforts have no merit, the issues are not complex, and Plaintiff appears capable of presenting his arguments. Plaintiff's request is denied.

## II.     Plaintiff's Affidavit of Prejudice in support of Disqualification of Judge Melgren per 28 U.S.C. 144 with Request for Evidentiary Hearing Record to Facilitate Reliable Appellate Review (Doc. 14)

A sufficient affidavit under 28 USC § 144 must show bias and prejudice, which is personal, extrajudicial, and identified by "facts of time, place, persons, occasions, and circumstances." *Burleson v. Spring PCS Group*, 123 F. App'x 957, 959 (10th Cir. 2005) (quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987)).  Without such affidavit, Plaintiff's request for recusal is not adequately supported.

Much of the purported affidavit relates to the Order imposing potential filing restrictions on Mr. Lynn.  As the document is not titled a response to that Order and as Mr. Lynn still has a week to file a response, the Court assumes Plaintiff did not intend this to be his response to the filing restriction Order.  Plaintiff should promptly notify the Court if in fact he intended this document to serve as his response.

Another large segment of this document relates to Plaintiff's complaints or disagreements with the Court's earlier rulings in this case and in other cases filed by Plaintiff.  These allegations involve judicial rather than extrajudicial actions, and as such, only constitute a basis for a bias

motion if they "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). The Court continues to find that no reasonable person would believe that the undersigned's previous rulings demonstrate the level of favoritism or antagonism making recusal proper.

What remains boils down to the following argument: The undersigned, while serving as U.S. Attorney for the District of Kansas, failed to respond to Lynn's numerous letters declaring his innocence and detailing what the prosecutor did to orchestrate his wrongful conviction and failed to prosecute various officials of the Kansas Department of Corrections even after Lynn sent more than a dozen letters explaining "the barbaric brutalities done to [him] and the severe serious injuries suffered and the unconscionable and unconstitutional conditions of confinement" he endured. (Doc. 14, at 16-17.) The undersigned's biased decisions in this case stem from his "contacts" with Lynn while U.S. Attorney. (Doc. 14, at 18.)

While Plaintiff attaches 46-pages of exhibits to his affidavit, the exhibits make no mention of the undersigned, other than to say that they were sent to the undersigned when he was U.S. Attorney. The exhibits all relate to Plaintiff's prosecution and conviction.

Plaintiff's affidavit lacks the requisite factual support to qualify as a "timely and sufficient" affidavit and thus, Plaintiff cannot meet the requirements of § 144. *See Smith v. Danyo*, 585 F.2d 83, 87 (3d Cir. 1978) ("In judging the sufficiency of section 144 affidavits ... [a court] must determine that the facts establish 'fair support' for the charge of bias."). The affidavit is insufficient because it fails to include facts showing bias and "merely states conclusions, rumors, beliefs and opinions." *Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988). Plaintiff's belief that the undersigned is biased against him as a result of Plaintiff's attempts to convince the undersigned to prosecute various persons is not supported by facts.

### III.     Motion for Orders (Doc. 17)

Plaintiff states he was transferred to El Dorado Correctional Facility (EDCF) on June 12, 2020, and alleges he is now required to submit legal filings to the unit counselors rather than directly to the librarian for filing.  He further claims his access to the law library is restricted.  Mr. Lynn asks the Court to order prison officials to allow him access to the prison library every weekday between 8:00 a.m. and 9:00 a.m. to personally submit his legal documents to the librarian for efiling and to order officials to allow him additional access to the library two or three times weekly.

Plaintiff's motion is denied.  The Court does not interfere with day-to-day prison operations, nor does it find the requested orders to be appropriate.

**IT IS THEREFORE ORDERED** that Lynn's Request [to] Invoke Discovery Rules to Develop and Substantiate Recusal Affidavit Facts and Oral Arguments (Doc. 13) is **denied**.

**IT IS FURTHER ORDERED** that Lynn's Affidavit of Prejudice in support of Disqualification of Judge Melgren per 28 U.S.C. 144 with Request for Evidentiary Hearing Record to Facilitate Reliable Appellate Review (Doc. 14), to the extent it could be considered a motion, is **denied**.

**IT IS FURTHER ORDERED** that Lynn's request for appointment of counsel is **denied**.

**IT IS FURTHER ORDERED** that Lynn's Motion for Orders (Doc. 17) is **denied**.

**IT IS SO ORDERED**.

**Dated on this 17th day of June, 2020, in Wichita, Kansas.**

**ERIC F. MELGREN**
**U. S. District Judge**