**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

PATRICK C. LYNN,

      **Plaintiff,**

      v.                                      CASE NO. 20-3116-EFM

DEBRA LUNDRY,

      **Defendant.**

**MEMORANDUM AND ORDER**
**IMPOSING FILING RESTRICTIONS**

On May 8, 2020, the Court issued an Order (ECF No. 10) outlining filing restrictions to be imposed upon Patrick Lynn due to his continued filing of vexatious, repetitive, and frivolous lawsuits and motions in this Court. Because the Court entered those filing restrictions *sua sponte*, the Court allowed Mr. Lynn time to file objections to those provisional filing restrictions. Mr. Lynn filed his objections to the filing restrictions on June 22, 2020 (*see* ECF No. 27; "Objections").

Plaintiff makes the following arguments and claims in the first section of his Objections, entitled "Facts": (1) the undersigned is prejudiced against Mr. Lynn as a result of letters Lynn sent to him when he was U.S. Attorney, at least one of which was "incendiary" and "vulgar" (ECF No. 27, at 2), claiming Lynn was "criminally railroaded" by state officials (*id.*); (2) the undersigned is imposing filing restrictions on Lynn in retaliation for Lynn's recusal motion and the allegations it contained (*id.* at 3); (3) Lynn is not a vexatious litigant, has never filed a frivolous case, and always files meritorious claims in good faith (*id.* at 2, 6); (4) Lynn has done "absolutely nothing" to justify filing restrictions (*id.* at 3); (5) Lynn has "never once caused an iota of needless expense to any party" (*id.* at 6); (6) it is "utterly assinine" (sic) to claim he has caused an unnecessary burden on

1

the Court (*id*.); and (7) if Lynn had competent appointed counsel, he would have had completely different results in his many lawsuits (*id*. at 7).

Lynn's repeated attempts to have the undersigned recuse himself have been rejected, and he raises no new allegations here. His claim that the only reason for the filing restrictions is that the undersigned has "an axe to grind" against him is unfounded and is belied by the previous warnings Lynn has received from the U.S. Court of Appeals for the Tenth Circuit and this Court, as well as by the imposition of filing restrictions on Lynn in Kansas state courts since 1999. *See Lynn v. McClain*, 12 F. App'x 676, 679 (10th Cir. 2001) ("continuing to engage in a pattern of litigation activity which is manifestly abusive" would result in filing restrictions); *Lynn v. Peltzer*, No. 16-3096-JTM-DJW, 2016 WL 4060272, at *6 (D. Kan. July 29, 2016) ("The court now puts Mr. Lynn on notice that it will impose filing restrictions similar to or even more stringent than those the state court previously imposed, if he continues to file federal court actions for the apparent purposes of intimidating and harassing state officials and prison staff and continues to submit improper and abusive pleadings and motions."); *State ex rel. Stovall v. Lynn*, 975 P.2d 813 (Kan. App. 1999) (affirming filing restrictions imposed on Lynn as a result of abusive and repetitive filings used "as a means to attempt to harass the victim, witnesses, police investigators, judges, and others involved in his case").

As for Lynn's claims that he is not a vexatious litigant and has done nothing to justify filing restrictions, the Court points out that Lynn has filed 37 cases in this Court (along with one case filed in state court and removed to this Court) since his 1996 conviction, twelve (12) of which list him as the petitioner and twenty-five (25) of which list him as a plaintiff: *Lynn v. Dubowski*, Case No. 96-cv-3577; *Lynn v. McClain*, Case No. 97-cv-3162; *Lynn v. McClain*, Case No. 97-cv-3173; *Lynn v. Valdez*, Case No. 97-cv-3209; *Lynn v. Dubowski*, Case No. 97-cv-3213; *Lynn v. Werth*,

Case No. 97-cv-3279; *Lynn v. Kunen*, Case No. 97-cv-3294; *Lynn v. Barkley*, Case No. 98-cv-3186; *Lynn v. Nelson*, Case No. 99-cv-3153; *Lynn v. McClain*, Case No. 00-cv-3132; *Lynn v. Nelson*, Case No. 00-cv-3155; *Raines v. Antonio*, Case No. 00-cv-3314; *Lynn v. Johnston*, Case No. 00-cv-3388; *Lynn v. Cleaver*, Case No. 01-cv-3005; *Lynn v. Simmons*, Case No. 01-cv-3422; *Lynn v. Harris*, Case No. 01-cv-3436; *Lynn v. Mullin*, Case No. 02-cv-3378; *Lynn v. Roberts*, Case No. 03-cv-3464; *Lynn v. Roberts*, Case No. 04-cv-3021; *Lynn v. Anderson-Varella*, Case No. 06-cv-3172; *Lynn v. Roberts*, Case No. 08-cv-3293; *Lynn v. Werholtz*, Case No. 10-cv-3142; *Lynn v. Cline*, Case No. 10-mc-0302; *Lynn v. Schultz*, Case No. 11-cv-3073; *Lynn v. Maddox*, Case No. 12-cv-3104; *Lynn v. Walters*, Case No. 12-cv-3105; *Lynn v. Goddard*, Case No. 16-cv-3048; *Lynn v. Kansas*, Case No. 16-cv-3089; *Lynn v. Peltzer*, Case No. 16-cv-3096 (removed from state court); *Lynn v. Patty*, Case No. 16-cv-3254; *Lynn v. McCurrie*, Case No. 17-cv-3041; *Lynn v. Cline*, Case No. 19-cv-3003; *Lynn v. Willnauer*, Case No. 19-cv-3117; *Lynn v. Price*, Case No. 19-cv-3125; *Lynn v. Aramark, Inc.*, Case No. 20-cv-3046; *Lynn v. Hackney*, Case No. 20-cv-3048; and *Lynn v. Lundry*, Case No. 20-3116.  Plaintiff has also filed motions to join as a plaintiff in Case Nos. 01-cv-3312, 01-cv-3317, 01-cv-3352, 18-cv-3136, 18-cv-3202, 18-cv-3246.

Lynn argues in the second section of his Objections ("Legal Arguments & Authorities") that courts cannot rely solely on the number of cases filed to justify filing restrictions but must consider the nature, motivation, and consequences of the litigation.  Lynn fails to recognize that the Court is not relying solely on the number of cases he has filed in imposing these restrictions. Even more abusive is the number of motions, letters, attempts to amend, requests for restraining orders, supplements, status updates, submissions of proof, responses, notices, and other filings Lynn submits, often before his complaint has even been screened and after his complaint has been

dismissed. Lynn "adds yet another dimension to his abuse of the judicial process with his inappropriate motions practices." *Peltzer*, 2016 WL 4060272, at *4.

Lynn also argues the focus of the authority to enjoin abusive litigants is on meritless litigation, and only three of his cases have passed screening, meaning no one can claim the other cases were meritless. This argument completely ignores the purpose of screening. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2). Lynn's cases were dismissed upon screening precisely because they were meritless.

Out of the first seven cases Lynn filed in this Court, six were dismissed upon screening as either legally frivolous or failing to state a claim. In four of those cases, Lynn appealed the District Court's dismissal, and the Tenth Circuit found his appeals were without merit. After his first seven cases and appeals, Lynn had accumulated ten strikes, and upon filing his eighth case, the Court began requiring him to show imminent danger of serious physical injury to proceed in forma pauperis as required by 28 U.S.C. § 1915(g). Following is a summary of each of Lynn's first eight cases filed in this Court:

1. *Lynn v. Dubowski*, Case No. 96-cv-3577. Lynn alleged his constitutional rights were violated by restrictions placed on his telephone and mail usage while housed at the Johnson County Jail after he contacted jurors at home following his conviction. Judge VanBebber found he failed to state a claim for relief and dismissed the complaint. Lynn then filed 4 more motions over the next 10 months.

2. *Lynn v. McClain*, Case No. 97-cv-3162.  Lynn sued a Johnson County District Judge.  He filed 8 motions or "supplements", including a motion for Judge VanBebber to recuse, before the complaint was dismissed for failure to state a claim upon which relief could be granted.  Lynn then filed 3 motions for reconsideration.  Lynn appealed, and the Tenth Circuit assessed a strike.

3. *Lynn v. McClain*, Case No. 97-cv-3173.  Lynn again sued Judge McClain, alleging he violated Lynn's constitutional rights by imposing arbitrary and unreasonable terms on his pro se filings.  Judge VanBebber again found Lynn had failed to state a claim for relief.  Lynn filed 7 motions prior to dismissal (including a motion to recuse) and 3 motions for reconsideration after dismissal.  Lynn appealed, and the Tenth Circuit assessed another strike.

4. *Lynn v. Valdez*, Case No. 97-cv-3209.  Lynn filed a 19 defendant, 46-page complaint alleging excessive force, denial of medical care, unconstitutional conditions of confinement, conspiracy, illegal seizure of evidence, legal malpractice, denial of access to the courts, etc.  Thirteen (13) defendants were dismissed upon screening, and Judge VanBebber ordered the remaining defendants to respond to the claims of excessive force and the denial of medical care.  The case was eventually transferred to Judge Lungstrum and went to trial with one defendant.  Judge Lungstrum entered judgment in favor of the defendant.

5. *Lynn v. Dubowski*, Case No. 97-cv-3213.  Judge VanBebber dismissed this case upon screening, finding the allegations malicious, unsupported, and legally frivolous.  Lynn appealed, and the Tenth Circuit found the appeal was frivolous and assessed a strike.

6. *Lynn v. Werth*, Case No. 97-cv-3279.  Lynn filed a 21 defendant, 59-page complaint.  He proceeded to file 9 motions prior to screening, including a motion to recuse.  The complaint alleged violations involving Lynn's prosecution and state court civil actions.  Judge VanBebber dismissed the case upon screening for failure to state a claim for relief.

7. *Lynn v. Kunen*, Case No. 97-cv-3294.  Lynn alleged ineffective assistance by his appellate counsel and accused her of conspiring with the Kansas Attorney General.  Judge VanBebber denied a motion to recuse and dismissed the lawsuit upon screening for failure to state a claim for relief.  Lynn appealed, and the Tenth Circuit found the appeal was frivolous or failed to state a claim and assessed a strike.

8. *Lynn v. Barkley*, Case No. 98-cv-3186.  Lynn claimed his access to the courts was being interfered with by officials at the Lansing Correctional Facility.  Judge VanBebber denied Lynn leave to proceed in forma pauperis because he had accumulated more than 3 strikes and had not demonstrated imminent danger of serious bodily harm.  The case was dismissed when Lynn did not pay the filing fee.

These first eight cases out of 37 demonstrate Lynn's litigation "entailed vexatious, harassing or duplicative lawsuits." *United States v. Kettler*, 934 F.2d 326 (Table) (10th Cir. 1991), 1991 WL 94457, at *6 (citing *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).  The fact that seven of the eight were dismissed upon screening shows Lynn could not have had "an objective good faith expectation of prevailing." *Id.*  He filed all of the cases pro se, and his motion practice already "posed an unnecessary burden on the courts and their personnel." *Id.*  The patterns Lynn established in his first eight cases in this Court have not changed in the intervening 22 years, despite repeated warnings.

For these reasons, the Court overrules Plaintiff's objections and imposes future filing restrictions on Mr. Lynn, as set forth in the Court's previous Order (ECF No. 10) and repeated here. Lynn is required to obtain leave of Court to submit future filings in any existing cases currently pending in the U.S. District Court for the District of Kansas, or to initiate a civil action in the U.S. District Court for the District of Kansas without representation of an attorney licensed to practice in the State of Kansas and admitted to practice before this Court.

**IT IS THEREFORE ORDERED** that before Lynn may submit future filings in existing cases or initiate a civil action in the U.S. District Court for the District of Kansas, he must comply with the following injunction:

1. With the exception of a proper motion for relief from an order under Fed. R. Civ. P. 60, the Clerk shall not accept or file any pro se submissions, filings, pleadings, or other documents by Lynn or on his behalf, regardless of the payment of a filing fee, without the express authorization of a judge of this Court.

2. Except in compliance with this Order, the Clerk shall not accept any pleading from Lynn which purports to initiate a civil action. If Lynn, proceeding pro se, desires to file a new lawsuit in the District of Kansas, he shall file a petition with the Clerk requesting leave to file a complaint or other pleading that includes:

    a. A copy of this Order and any subsequent Order;

    b. A copy of the proposed complaint or pleading;

    c. A list of all other lawsuits or other matters currently pending or previously filed with this Court or any other court, involving the same or similar claims or parties, including the case name and number of each case, and the current status or disposition of each;

      d.  A notarized affidavit certifying:

            i.  The claims have not been previously asserted and/or do not involve issues previously litigated and resolved; and

           ii.  That the claims are not frivolous, malicious, or made in bad faith.

3. Lynn shall mail or otherwise deliver his submissions to the Clerk of the Court, who shall forward them to a judge of this Court for determination whether the complaint or pleading is lacking in merit, duplicative, frivolous, or malicious. The Court will either allow the filing or issue an Order denying it. Failure to follow these procedures will result in rejection of any future case Lynn attempts to file in this Court.

**IT IS SO ORDERED**.

**Dated this 29th day of June, 2020, in Wichita, Kansas.**

*[signature: Eric F. Melgren]*

**ERIC F. MELGREN**
**U. S. District Judge**